IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CARL HARRISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:11-cv-00090-JPG-DGW |
| | ) | |
| UTI INTEGRATED LOGISTICS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PROTECTIVE ORDER**

Pending before the Court is the parties' Amended Unopposed Motion for Entry of Protective Order (Doc. 23). In accordance with Federal Rule of Civil Procedure 26(c), the Court finds there is good cause to enter an order protecting the production of the personal information of current and former employees of Defendant and Defendant's financial records. Wherefore, the Court hereby **GRANTS** the parties' Amended Unopposed Motion for Entry of Protective Order (Doc. 23). The parties are reminded that should any disputes arise regarding the scope or application of this protective order, they are required to contact the Court before filing a motion.

**IT IS HEREBY ORDERED:**

1. The parties have or will propound various discovery requests and issue subpoenas, asking for certain information which the parties consider to be Confidential. Confidential information refers to the following: (a) personal information, such as residential addresses and telephone numbers, regarding current and former employees of Defendant, and (b) Defendant's confidential financial records, such as statements of Defendant's net income and gross profit. Confidentiality is necessary as to both categories of documents, as Defendant

maintains the confidentiality of such information and does not disclose such information in the normal course of business.

2. The parties have expressed a willingness to provide the Confidential information which would be necessarily disclosed in complying with the discovery requests, provided that the Court enters an appropriate protective order governing the production, use and disposal of confidential documents and information.

3. Either party may mark any document it reasonably believes contains confidential or proprietary information (along the lines of information described in paragraph 1 above) as "Confidential" in accordance with the provisions of this Order. The documents and information contained therein shall only be used, shown and disclosed as provided in this Order. The term "Confidential Matter" as used in this order shall be construed to include the information contained in each document so marked. The party characterizing a document as protected or confidential is deemed the designating party. Both parties may designate a document as protected or confidential; in that event both parties are deemed designating parties.

4. Confidential Matter may be subject to discovery in this action, but it is of a non-public nature and thus should not be available to the general public.

5. The Confidential Matter described above shall in no way be disseminated, discussed, delivered, or otherwise brought to the attention of any person except: (1) the attorneys of record herein and their duly authorized legal, paralegal or expert witnesses, (2) the parties and their representatives and agents, (3) stenographic reporters of testimony in this litigation and the Court before which it is pending, (4) the Court and its officers, and (5) deponents in this case.

Any stenographic recorded testimony regarding this Confidential Matter is subject to the same restrictions as Confidential Matter.

6. No person other than those identified in paragraph 5 shall have access to Confidential Matter without the advance written approval of the designating party or further order of this Court. No person who gains access to Confidential Matter may disclose its contents or information contained therein to any other person without the written approval of the designating party or of the Court. No designating party may waive the confidential classification without prior notification to the opposing party. Likewise, if both parties have designated a document or information as confidential, the confidential classification cannot be waived without prior written approval from the opposing designating party.

7. Nothing contained in this Agreed Protective Order shall prevent the use of "Confidential Matter" in this matter, with the following safeguards. If "Confidential Matter" is used in depositions, all portions of the transcripts of such depositions and exhibits thereto which refer or relate to "Confidential Matter" shall be treated as "Confidential Matter," and any party reasonably so desiring may make arrangements with the reporter to bind the confidential portion of the transcripts and exhibits separately and label them "Confidential Matter." In addition, the deponent will be advised that pursuant to this Agreed Protective Order, the deponent may not divulge any "Confidential Matter."

8. All parties and attorneys of record shall be bound by the terms of this order. Before the disclosure of any Confidential Matter to deponents (other than supervisory or management personnel who have access to the Confidential Matter during the ordinary course of

business), or to persons as authorized in accordance with paragraph 6 above, such persons must have read this Order and agreed to be bound by the terms, and have signified their agreement by signing Exhibit A.

9. Nothing in this order shall be construed to affect the admissibility of any document, material or information at any trial or hearing; any request for confidentiality, closure or sealing of any hearing or trial must be made to the judge then presiding.

10. If either party contends that any documents and information or portions thereof which have been classified as Confidential are not entitled to protection, it may send a written objection to the producing party objecting to the designation. The producing party shall thereafter have 10 days to petition the Court to designate the material as confidential under this Protective Order. The information shall continue to be protected as Confidential Matter while any such petition is pending. 11. If either party or an interested member of the public contends that any documents and information or portions thereof which have been classified as Confidential and filed under seal are not entitled to protection, they may petition the Court for authority to publish the material. The information shall continue to be protected as Confidential Matter until further order of this Court pursuant to a hearing.

12. Any party can seek injunctive relief to prevent deliberate violation of the terms of this order.

13. At the conclusion of this action all Confidential Matter and all copies thereof shall (1) be returned to the attorney for the designating party no later than forty-five (45) days after the final adjudication of this action or (2) be destroyed. The non-designating party shall also provide a written statement certifying that the Confidential Matter and all copies thereof have

been returned or destroyed. If any Confidential Matter is furnished to any expert or to any other person, the party furnishing the documents shall ensure that such person agrees to return the Confidential Matter to counsel for the designating party.

14. Nothing in this order will prejudice either party from seeking amendments broadening or restricting the rights of access to and the use of Confidential Matter, or adding additional categories of Confidential Matter, or contesting the designation of Confidential Matter or qualified persons.

15. Confidential Matter may only be used solely for the purpose of this lawsuit and for no other purpose.

16. The prohibitions stated above shall remain in effect until such time as the parties agree to remove or modify, or this Court removes or modifies, these prohibitions.

17. If disputes arise concerning the propriety of designating documents as "confidential," or concerning any other matter relating to the application of this Order, counsel shall attempt to resolve these disputes before seeking the assistance of this Court to resolve the disputes pursuant to the Federal Rules of Civil Procedure.

**DATED: July 12, 2011**

*/s/ Donald Wilkerson*

**DONALD G. WILKERSON**
**United States Magistrate Judge**

# EXHIBIT "A"

I, _____, have read and understand the terms of the Protective Order prepared in this action. I understand and agree to be bound by the terms of the order. I also understand that I may not take possession of said documents at any time unless authorized by an attorney for one of the parties and that I may not make copies of said documents. I understand that any violation of the terms of said order shall be punishable by money damages, interim or final injunctive or other equitable relief, sanctions, contempt of court citation, or such other or additional relief as deemed appropriate by the Court.

_____

Subscribed and sworn to before me
this _____ day of _____

_____
_____
Notary Public